Per Curiam.

The process provided by the statute for the more easy partition of lands, &c. (2) designates a case in which the applicant is to have a part or share, set off and divided from the rest. The case stated in this application is not of that description. The applicants, if qualified in point of age and mental capacity to maintain this process, are also competent to effect among themselves, and by their own agreements and contracts, every valuable and proper purpose, which they can be supposed to have in this petition. The notice ordered upon it is a nullity, if there is any truth in the averment of the petition that the petitioners hold in common the entire land to be divided. And if this is refuted, or made doubtful, by the order taken upon the petition at the suggestion of the petitioners, and by the appearance of the respondents to contest the fact, what further proceedings are to be had ? The statute plainly implies that this process is only maintainable, where the applicant has a share only, and the respondent, or some other person not applying, had an interest, respecting which the partition by this process will be conclusive, to some purposes at least, after due notice. It will be dangerous to give a sanction of this kind to an agreement to divide, where all the parties professedly interested are the applicants for a division among themselves. The objection to the allowance of costs in this case, in support of which the case of Symonds vs. Kimball was cited, is not maintained by [ * 505 ] that decision; since in this case *an issue in law was in fact joined in the court below, and the judgment rendered upon that issue was the judgment appealed from.
The petitioners took nothing by their petition ; and costs were ordered to be taxed for each of the respondents.

 Stat. 1783, c. 41.